FILED
September 25, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARGARITA HOSSEINI-BROWDER )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MAHMOUD HOSSEINI, VANESSA )<br>PLATA )<br>)<br>Defendants ) | CIVIL ACTION NO.<br>SA-22-CV-860-OLG |

## ORDER ACCEPTING
## MAGISTRATE JUDGE'S RECOMMENDATION

The Court has considered the report and recommendation of United States Magistrate Judge Richard B. Farrer, filed in the above-styled and numbered cause on August 6, 2024. Docket no. 68. Plaintiff filed objections. Docket no. 73. After de novo review of those portions of the recommendation to which objection was made, the Court accepts the Magistrate Judge's recommendation. 28 U.S.C. § 636(b)(1)(C).

Plaintiff's objection that the Magistrate Judge held her to a higher standard, or a standard more stringent than Rule 56, is without merit. The Magistrate Judge clearly indicated that the summary judgment standard was being applied and the colloquial use of the words "convince" or "establish" in the discussion does not mean that an inappropriate standard was followed. *See* docket no. 68, p. 5 (setting forth the applicable standard of review). When read in context, the Magistrate Judge was simply indicating that Plaintiff's arguments were unconvincing and she failed to meet her burden.

In her objections, Plaintiff continues to mix up the name that she registered with the name she claims was used without authorization, and it matters. For clarity, the Court includes a relevant time line:

06/10/2018: Justine Hosseini Waclawczyk dies intestate.[1]

06/22/2018: Margarita Hosseini-Browder seeks and obtains appointment as temporary administratrix.[2]

year 2018: Margarita begins a Facebook page and posts a memorial profile on gunmemorial.org's website using the words "Justice for Justine," "Justine Reyna Hosseini," "Justine Hosseini," J4J," and "Justine."[3] Margarita posts on the Facebook page that wristbands with "Justice 4 Justine" and "#J4J" printed on them may be purchased with "all proceeds go[ing] to the continued legal costs for Justice for Justine."[4] Margarita posts on the Facebook page that she is taking "pre orders" for "remembrance" shirts with "#J4J" on them.[5]

---

[1] Docket nos. 27-2, 27-4.

[2] Docket no. 27-2.

[3] Docket nos. 27-5, 27-6, 27-7.

[4] Docket no. 27-12.

[5] Docket nos. 27-13, 27-14.

2

| | |
|---|---|
| 2019/2020: | Margarita invites friends and family to a balloon release; invites friends and family to a vigil; invites family and friends to a dove release, and puts up a billboard in Kirby, Texas.[6] |
| Mar. 2022: | Defendants begin a food trailer called "**Justine's: A Twisted Taste.**" Their Facebook page uses the word "Justine's."[7] |
| 06/21/2022: | Margarita registers her Claim for Use of Deceased Individual's Name with the Texas Secretary of State, claiming a property right in the name **Justine Reyna Hosseini**.[8] |
| 08/12/2020: | On final accounting, Margarita represents to the probate court that the only property in the Estate is two pit bulls and $200.00.[9] |
| 10/27/2022: | Margarita files her USPTO application for service mark **JUSTICE FOR JUSTINE**, for the service of "providing information in the field of domestic abuse and violence prevention."[10] |
| Early 2023: | Defendants drop the name "**Justine's**" from their food trailer.[11] |

---

[6] Docket nos. 27-8, 27-9, 27-10, 27-11.

[7] Docket nos. 27-33, 27-34, 32-1.

[8] Docket no. 27-32.

[9] Docket nos. 32-2.

[10] Docket no. 27-31. The Court notes that "JUSTINE" is not a registered mark. *See* docket no. 67-2. It appears Plaintiff is suing based on an unregistered mark. *See* Plaintiff's First Amended Complaint (referring generically to "JUSTINE" as the trademark allegedly infringed). Plaintiff will need to prove this alleged unregistered mark is valid to be entitled to protection.

[11] Docket nos. 27-35, 32-1.

3

02/06/2024: The USPTO registers the service mark **JUSTICE FOR JUSTINE**.[12]

Plaintiff sues Defendants for alleged violations of the Lanham Act, 15 U.S.C. § 1125(a) and common law trademark infringement, passing off, and unfair competition. She also asserts a state statutory claim for violation of her alleged right of publicity under Section 26.011 of the Texas Property Code. Docket no. 12. In their answer and counterclaim, Defendants seek a declaration that Plaintiff's purported right of publicity is invalid and alleges, *inter alia*, that there is no commercial value associated with the name Justine Reyna Hosseini or Justine Reyna Waclawczyk; that use of the first name "Justine" is not the same as Justine Reyna Hosseini or Justine Reyna Waclawczyk; as such, Plaintiff cannot prove a violation of the Texas Property Code; that Plaintiff does not own any postmortem property right to Justine Reyna Hosseini or Justine Reyna Waclawczyk's name to the extent such a property right exists; and that Plaintiff's registration of the postmortem property claim is invalid as Plaintiff does not own the right. Docket no. 53. Both sides filed cross motions for partial summary judgment on the state right of publicity claim. Docket nos. 27, 32.

The Magistrate Judge correctly determined that Plaintiff's assertion of a property right is not supported by the record because there is no evidence of commercial value in the name; there is no evidence showing that Plaintiff acquired a statutory property right in the name; and even assuming Plaintiff established a prima facie case by registration, Defendants have rebutted her prima facie showing.

---

[12]Docket no. 67-2.

4

A.  No evidence of commercial value

A "property right" in a deceased individual's name is purely statutory. TEX. PROP. CODE ANN. §26.001(2) ("'Property right' means the property right *created by this chapter*.") (emphasis added). A statutory property right in a deceased individual's name only applies when the individual's name "has commercial value" at the time of death or "comes to have commercial value" after that time. TEX. PROP. CODE ANN. §26.003(2). In this case, Plaintiff offers nothing more than an unsubstantiated assertion that the name "Justine" – a name that is not registered with the Texas Secretary of State – has commercial value. And Plaintiff offers nothing, not even an assertion, that "Justine Reyna Hosseini" – the name she registered with the Texas Secretary of State – has commercial value.

B.  No evidence of Plaintiff's acquisition

A statutory property right is transferrable before or after the individual's death "by contract or by means of trust or testamentary documents." TEX. PROP. CODE ANN. §26.004. Assuming *arguendo* a property right does exist, there is nothing in the record that reflects Plaintiff acquired the property right. The deceased died intestate, and there is no evidence of a contract or trust. If the ownership of the property right of an individual has not been transferred at or before the individual's death, "the property right vests as follows: (1) if there is a surviving spouse but there are no surviving children or grandchildren, the entire interest vests in the surviving spouse." TEX. PROP. CODE ANN. §26.005(a)(1). Because the evidence in the record shows that the deceased

individual had a surviving spouse, "the entire interest" vested in him by statute.[13]

C.   Plaintiff's registration as *prima facie* evidence is rebutted

A person "who claims to own a property right may register that claim with the secretary of state," and "[r]egistration of a claim is prima facie evidence of a valid claim to a property right." TEX. PROP. CODE ANN. §§26.006(a), 26.007(a). The record is clear that Plaintiff did not register a claim to the name "Justine."[14] Thus, she does not have prima facie evidence of a valid claim to the name "Justine." To the extent Plaintiff may have prima facie evidence of a claim to the name "Justine Reyna Hosseini," based on the face of the registration form, her prima facie claim is rebutted by the summary judgment evidence which shows the deceased individual had a surviving spouse and the property right, if any, in the name "Justine Reyna Hosseini" vested entirely in him as a matter of law. *See In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (a "'[p]rima facie case' means evidence that is legally sufficient to establish a claim as factually true *if it is not countered*.") (emphasis added).

The Magistrate Judge correctly determined that summary judgment in Defendants' favor is appropriate. It is therefore ORDERED that the Magistrate Judge's recommendation (docket no. 68) is ACCEPTED; Plaintiff's motion for partial summary judgment (docket no. 27) is DENIED; and Defendants' cross motion for partial

---

[13]*See* docket no. 27-2 ("At the time of her death, Decedent was married to John Waclawczyk. Decedent was never divorced."); docket no. 32-1 ("Justine was married to John Waclawczyk at the time [of] her death in 2018.").

[14]"Registering a claim to the name "Justine" would be like registering a claim to the name "John." Despite the absurd notion that one could claim to have a statutory property interest and exclusive right to use a first name like "John," Plaintiff insists she has a property right in "Justine." Neither the facts nor the law support her argument.

summary judgment (docket no. 32) is GRANTED.

SIGNED on the 25 day of September, 2024.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE